1   JOHN S. LEONARDO
    United States Attorney
2   District of Arizona
    Serra M. Tsethlikai
3   Assistant U.S. Attorney
    CA State Bar No. 171177
4   United States Courthouse
    405 W. Congress Street, Suite 4800
5   Tucson, Arizona 85701
    Telephone: 520-620-7300
6   Email: serra.tsethlikai@usdoj.gov
    Attorneys for Plaintiff

```
                    ┌──────────────────────────────┐
                  ✓ │ ___ FILED      ___ LODGED    │
                    │ ___ RECEIVED   ___ COPY      │
                    │                              │
                    │        MAY - 6 2016          │
                    │                              │
                    │   CLERK U S DISTRICT COURT   │
                    │    DISTRICT OF ARIZONA       │
                    │ BY_____ DEPUTY    │
                    └──────────────────────────────┘
```

7

8                   IN THE UNITED STATES DISTRICT COURT

9                      FOR THE DISTRICT OF ARIZONA

10  United States of America,

11                  Plaintiff,                 CR 14-1361-TUC-RM(BGM)

12      vs.                                        Plea Agreement

13

14  Monique Valerie Pablo-Johnson,

15                  Defendant.

16

17          The United States of America and the defendant, Monique Valerie Pablo-Johnson,

18  agree to the following disposition of this matter:

19                                  **PLEA**

20          The defendant agrees to plead guilty to Counts One (1) and Two (2) of an

21  Information, charging the defendant with two counts of Involuntary Vehicular

22  Manslaughter, in violation of Title 18, United States Code, Sections 1112 and 1153, both

23  felony offenses. The ~~Indictment~~ Superceding Information will be dismissed at the time of sentencing.

24

25  ////

26

27

28

1

2

## **ELEMENTS OF THE OFFENSE**

The essential elements of **Involuntary Vehicular Manslaughter** are that:

1. The defendant committed an act that might produce death, that is, drove while under the influence of cocaine and alcohol;

2. The defendant acted with gross negligence, defined as wanton or reckless disregard for human life;

3. The defendant's act was the proximate cause of the death of the victims (Z. J. R. P. and C. E. T.)(A proximate cause is one that played a substantial part in bringing about the death, so that the death was the direct result or a reasonably probable consequence of the defendant's act);

4. The killing was unlawful;

5. The defendant either knew that such conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to the lives of others;

6. Both victims and the defendant are "Indians;" and

7. The killing occurred on the Tohono O'odham Indian reservation, Indian Country.

## **STIPULATIONS, TERMS AND AGREEMENTS**

**Maximum Penalties**:

The defendant understands and agrees that the maximum penalty for the offenses to which she is pleading are a fine of $1,000,000, a maximum term of eight (8) years imprisonment, or both, a maximum term of three (3) years supervised release, and restitution to the victims.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

2

1        **Special Assessment**: The defendant understands that in accordance with Title 18,

2    United States Code, Section 3013, upon entry of judgment of conviction, there shall be

3    assessed a $100.00 special assessment for each felony count.

4    **Agreement Regarding Sentencing**:

5        a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below

6             stipulated sentencing range is an appropriate disposition of this case:

7          **8 years (96 months) to 15 years (180 months) of imprisonment.**

8        **The parties agree that the above-mentioned sentencing range reflects an**

9 **ability by the Court to upwardly depart in exchange for the government not seeking**

10 **a conviction of Second Degree Murder as alleged in Count One of the Superseding**

11 **Indictment, in violation of Title 18, United States Code, Sections 1111 and 1153,**

12 **which carries a term of up to life of imprisonment and carries a base offense level of**

13 **38 under § 2A1.2 of the United States Sentencing Guidelines. This plea is contingent**

14 **on the defendant being placed on Criminal History Category I or II. Both parties**

15 **reserve the right to withdraw from this plea agreement if the defendant exceeds**

16 **Criminal History Category I or II.**

17        **Also, the parties agree and stipulate that this Court has the authority to run**

18 **the sentences consecutively in order to reach the agreed upon sentencing range**

19 **under § 5G1.2(d) of the United States Sentencing Guidelines.**

20        Furthermore, in reaching this stipulated and agreed upon sentencing range, the

21    Court may consider all the facts related to this investigation and consider the relevant

22    conduct involved in the counts of the Indictment that will be dismissed at the time of

23    sentencing. The Court may also consider:

24        1.  There was a third passenger in the car whose life was endangered by the

25             defendant's driving while under the influence;

26

27

28

2.  The defendant moved into the passenger seat and stated that "Cassie," her deceased daughter, was the driver to law enforcement officers who arrived at the scene;

3.  The defendant was driving very erratic and fast.  As she was driving, she almost hit two on-coming vehicles.  The male passenger yelled at her to slow down just before she lost control of the vehicle;

4.  The seven-week infant was not placed in a proper child seat - despite the fact that there were two children seats in the vehicle; and

5.  The defendant was passing around and drinking a 40 ounce beer as she was driving.

b.  The defendant agrees to pay restitution to the other members of the victims' family.

c.  The defendant may withdraw from the plea agreement if she receives a sentence in excess of the stipulated sentencing range.

d.  The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing.  If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

e.  If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

f.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

g.  The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, her supervised release may be revoked.  Upon such revocation, notwithstanding any other provision of this agreement, the

4

1  defendant may be required to serve an additional term of imprisonment or the
2  defendant's sentence may otherwise be altered.

3  h. The defendant and the government agree that this agreement does not in any
4  manner restrict the actions of the government in any other district or bind any
5  other United States Attorney's Office.

6  i. The government agrees that the defendant shall receive credit for the time that she
7  spent in the Tohono O'odham jail for the sentence related to the facts of this case
8  wherein she received a 720 day sentence for two counts of Negligent Homicide
9  **MINUS** 120 day custody credit she was sentenced to for Driving Under the
10  Influence with the 120 day sentence running concurrent to the 720 day sentence.
11  Thus, the defendant will receive custody credit on this case for any days **after** the
12  initial 120 days spent in the Tohono O'odham jail for the two cases.

13  **Disclosure of Information to U.S. Probation**:

14  The defendant understands the government's obligation to provide all information
15  in its file regarding defendant to the United States Probation Office.

16  The defendant understands and agrees to cooperate fully with the United States
17  Probation Office in providing:

18  a. All criminal history information, i.e., all criminal convictions as defined
19  under the Sentencing Guidelines.

20  b. All financial information, i.e., present financial assets or liabilities that
21  relate to the ability of the defendant to pay a fine or restitution.

22  c. All history of drug and alcohol abuse which would warrant a treatment
23  condition as part of sentencing.

24  d. All history of mental illness or conditions which would warrant a treatment
25  condition as part of sentencing.

26  **Reinstitution of Prosecution**:

27  If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
28  court in a later proceeding, the government will be free to prosecute the defendant for all

5

1    charges as to which it has knowledge, and any charges that have been dismissed because
2    of this plea agreement will be automatically reinstated.  In such event, defendant waives
3    any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth
4    Amendment to the Constitution as to the delay occasioned by the later proceedings.
5    **Waiver of Defenses and Appeal Rights**:
6           The  defendant  waives  any  and  all  motions,  defenses,  probable  cause
7    determinations, and objections which the defendant could assert to the information or
8    indictment, or to the petition to revoke, or to the Court's entry of judgment against the
9    defendant and imposition of sentence upon the defendant providing the sentence is
10   consistent with this agreement.  The defendant further waives: (1) any right to appeal the
11   Court's entry of judgment against defendant; (2) any right to appeal the imposition of
12   sentence upon defendant under Title 18, United States Code, Section 3742 (sentence
13   appeals); and (3) any right to collaterally attack defendant's conviction and sentence
14   under Title 28, United States Code, Section 2255, or any other collateral attack. This
15   waiver shall not be construed to bar an otherwise-preserved claim of ineffective
16   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section
17   II.B of Ariz. Ethics Op. 15-01 (2015)). The defendant acknowledges that this waiver shall
18   result in the dismissal of any appeal or collateral attack the defendant might file
19   challenging her conviction or sentence in this case.  If the defendant files a notice of
20   appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this
21   case shall, upon motion of the government, be remanded to the district court to determine
22   whether defendant is in breach of this agreement and, if so, to permit the government to
23   withdraw from the plea agreement.
24   **Plea Addendum**
25          This written plea agreement, and any written addenda filed as attachments to this
26   plea agreement, contain all the terms and conditions of the plea.   Any additional
27   agreements, if any such agreements exist, shall be recorded in separate documents and
28

may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty, I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am placed on supervised release by the court, the terms and conditions of such supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my supervised release, my supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines

1    Range referred to herein or discussed with my attorney is not binding on the court and is
2    merely an estimate.

3        I agree that this written plea agreement contains all the terms and conditions of my
4    plea and that promises made by anyone (including my attorney), and specifically any
5    predictions as to the guideline range applicable, that are not contained within this written
6    plea agreement are without force and effect and are null and void.

7        I am satisfied that my defense attorney has represented me in a competent manner.

8        I am fully capable of understanding the terms and conditions of this plea
9    agreement. I am not now on or under the influence of any drug, medication, liquor, or
10   other intoxicant or depressant, which would impair my ability to fully understand the
11   terms and conditions of this plea agreement.

12   **Factual Basis**:

13       I agree that the following facts accurately describe my conduct in connection with
14   the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,
15   the government could prove the elements of the offense beyond a reasonable doubt based
16   on the following facts:

17
18       On or about June 6, 2013, at or near mile post 142.5 on state route 86,
     within the confines of the Tohono O'odham Indian Reservation, in the
19       District of Arizona, I, Monique Valerie Pablo-Johnson, did drive a vehicle
20       after I had gotten high on cocaine and drank enough alcohol that placed my
     blood alcohol level at 0.08 and above, that is around a 0.213 blood alcohol
21       level. By driving while both high on illegal drugs and under the influence
22       of alcohol, I knowingly committed an act that might produce death. In
     doing so, I acted with reckless disregard for human life as I knew drinking
23       and driving, while under the influence of drugs and alcohol, was very
24       dangerous and that such driving would threaten the lives of myself, the
     three passengers in my vehicle, and any other person who was in the
25       vicinity of my driving. My driving, while high and under the influence of
26       drugs and alcohol, caused me to lose control of my vehicle which then went
     off of the road and rolled wherein C. E. T., my adult daughter, and Z. J. R.
27       P., my seven-week granddaughter, were ejected from the vehicle and died
28

8

from the injuries they sustained from being ejected from the vehicle – which was a foreseeable consequence of my driving under the influence of cocaine and alcohol. The killing of C. E. T. and Z. J. R. P. was unlawful. I submit that the killing occurred on the Tohono O'odham Indian reservation which is subject to federal jurisdiction. I and my daughter, C. E. T., are enrolled members of the Tohono O'odham Indian Nation, a federally recognized tribe, and that my granddaughter, Z. J. R. P., is of Tohono O'odham Indian descent. We all lived on the Tohono O'odham reservations as well. As such, all three of us are Indians under federal law.

For sentencing purposes, I admit that I attempted to obstruct justice by moving from the driver's seat to the passenger seat just after the rollover and told responding law enforcement officers that C. E. T. was the driver of the vehicle at the time of the rollover.


5/6/16.
_____
Date

_____
Monique Valerie Pablo-Johnson
Defendant


## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and the defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

9

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5/6/16.
Date

Walter I. Goncalves, Jr.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

5/6/16
Date

SERRA M. TSETHLIKAI
Assistant U.S. Attorney